# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIE B. JOLLIFF, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-1150** |
| | * | |
| **UNITED STATES OF AMERICA** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court are two motions: (1) defendants East Skelly, LLC and Jones Lang LaSalle Americas, Inc.'s (collectively "East Skelly") Motion for Summary Judgment (R. Doc. 25); and (2) the United States of America's Motion to Dismiss, or, in the Alternative, for Summary Judgment (R. Doc. 27). For the following reasons, IT IS ORDERED that these motions are both GRANTED.

## I.     BACKGROUND

The present matter arises from alleged personal injuries sustained in a government office. On or about May 15, 2012, Plaintiff, Willie B. Jolliff, Jr., alleges that while seated in the Internal Revenue Service ("IRS") office within 1555 Poydras St., New Orleans, Louisiana, he was struck by a falling portable office wall. As a result of this incident, Plaintiff claims he "suffered bodily injury, specifically injury to his head resulting in headaches and injury to his neck."

On May 16, 2011, Plaintiff filed suit against the IRS, who maintained the public office where he sustained his injuries, defendant East Skelly LLC, the owner of the office building, and defendant Jones Lang LaSalle Americas, Inc., the manager and leasing agent of the office building. Plaintiff alleges his injuries were caused by the negligence of the Defendants. The Defendants each filed answers, denying liability and raising a number of affirmative defenses.

-1-

On January 12, 2012, the Unites States of America was substituted for the IRS.

## II. PRESENT MOTIONS

### A. East Skelly's Motion

East Skelly filed a Motion for Summary Judgment, arguing that summary judgment is appropriate because: it did not have custody or control over the modular office furniture used by the IRS in its office, Plaintiff is unable to identify what allegedly injured him, and Plaintiff failed to submit any experts, witnesses, or exhibits by the Court's deadline. East Skelly alleges that it cannot be held liable under Louisiana law for custodial liability, damage caused by ruin, or general negligence.

### B. United States' Motion

The United States also filed a dispositive motion-a Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment-seeking dismissal of Plaintiff's claims. The United States argues that Plaintiff has not provided any evidence to establish any federal employee negligently caused his injuries, a jurisdictional requirement for the Federal Tort Claims Act ("FTCA"). Additionally, the United States argues that the FTCA does not allow premises liability claims to proceed against the United States. The United States faults Plaintiff for failing to conduct any discovery and failing to submit expert, witness, and exhibit lists by the Court's deadline.

### C. Plaintiff's Response in Opposition

Plaintiff filed a Response in opposition to the United States' Motion. Plaintiff first argues there is subject matter jurisdiction in the case pursuant to the FTCA. Second, Plaintiff argues he has sufficiently stated a claim upon which relief can be granted, because he alleges in the

Complaint four specific negligent acts on the part of the IRS.  Third, Plaintiff argues that summary judgment is inappropriate because he will present his own testimony, as well as the evidence submitted by East Skelly, in support of his claims.

## III.   LAW & ANALYSIS

### A.   East Skelly's Motion

#### 1.   *Standard of Review*

A district court can grant a motion for summary judgment only when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate. *Id.* at 249-50 (citations omitted).

        2.     *Law & Analysis*

Plaintiff brings claims against East Skelly for negligence-jointly, severally and in solido with the United States-in failing to maintain a safe place of business, failing to provide safe office equipment to its tenants, failing to warn of a potentially dangerous condition, and any other acts of negligence. *See* (R. Doc. 1). East Skelly was joined to the action against the United States as an indispensable party and joint tortfeasor. *See id.* Because the FTCA would not apply to East Skelly as a non-governmental party, the Court looks to Louisiana law on negligence to determine whether summary judgment on the claims against East Skelly is appropriate.

As noted by East Skelly in its brief, there are three possible legal claims under Louisiana law which are invoked by the Complaint: (1) custodial liability pursuant to Louisiana Civil Code articles 2317 and 2317.1; (2) damage caused by ruin of a building pursuant to Louisiana Civil Code article 2322; and (3) general negligence pursuant to Louisiana Civil Code article 2315. Custodial liability under Louisiana law is set-out in Louisiana Civil Code articles 2317 and 2317.1, which provide as follows:

> We are responsible, not only for the damage occasioned by out own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
>
> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Liability for damage caused by ruin of a building is set out in Louisiana Civil Code article 2322, which provides,

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew, or in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Finally, Louisiana Civil Code article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." This article codifies claims for general negligence which the jurisprudence considers under a duty-risk analysis. *See Rando v. Anco Insulations, Inc.*, 08-1163, 08-169, pp. 26-27 (La. 5/22/09); 16 So. 3d 1065, 1085-86. The duty-risk analysis requires the plaintiff to demonstrate five separate elements: (1) that the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *See id.*

Here, Plaintiff alleges he was injured at the IRS office when a portable office wall fell and struck him. *See* (R. Doc. 1 (Complaint)). During Plaintiff's deposition it was revealed that while he was waiting in the IRS office waiting room, an unidentified object struck him on the top, right-side of his head, possibly a "piece of the building or a piece of the wall or something." *See* (R. Doc. 25-5 (Pl.'s Dep.)). East Skelly puts forth evidence demonstrating that, as the lessor of the office rented by the IRS, the furniture, fixtures, and equipment in the office, including the walls and doors, were not part of the building, but rather were the responsibility of the IRS itself.

*See* (R. Doc. 25-4 (Ex. A)). Further, East Skelly notes that it did not purchase, supply, maintain, repair, monitor or inspect the modular office furniture at the IRS office. *See id.*

Plaintiff has not submitted a timely response in opposition to East Skelly's Motion, and he does not dispute that East Skelly was not responsible for the modular office furniture alleged to have caused his injuries. *See* (R. Doc. 30). Plaintiff does not put forth any evidence demonstrating that East Skelly was in custody of or responsible for the modular office equipment at issue or that it had a duty to Plaintiff to maintain this equipment, as would be required to survive summary judgment on the tort claims under Louisiana law discussed above. Accordingly, the Court finds that summary judgment on the claims against East Skelly is appropriate.

  **B. United States' Motion**

    *1. Standard of Review*

The United States brings its Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *United States v. City of New Orleans*, 2003 WL 22208578 (E.D. La. Sept. 19, 2003); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In general, when considering a motion to dismiss, the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face," and the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id*. Conclusory allegations or legal conclusions serving as factual conclusions will

not prevent dismissal. *United States v. Ga. Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004). The Supreme Court has ruled that a district court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a reasonable doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Alternatively, the United States seeks summary judgment in its favor pursuant to Rule 56. The standard of review for a motion for summary judgment is discussed above, *see supra* pp. 3-4, and is adopted and incorporated herein.

    2.    *Law & Analysis*

"It is elementary that 'the United States, as sovereign, is immune from suit save as it consents to be sued..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992)). The Federal Tort Claims Act ("FTCA") constitutes a

"limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United Sates v. Orleans*, 425 U.S. 807, 813 (1976).

The FTCA provides in relevant part,

> [T]he district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages...for...personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(1).

Plaintiff alleges that the United States is liable in negligence for failing to maintain a safe environment for office visitors, failing to properly maintain the portable office wall, failing to properly secure the portable office wall, failing to warn of a potentially dangerous condition, and any other negligent behavior.  *See* (R. Doc. 1).

The United States notes that even though this case has been pending for over a year, Plaintiff has not taken any discovery in this case, and Plaintiff has not provided any expert reports or witness and exhibit lists.  The United States argues that the deadlines for doing so have since passed, precluding Plaintiff, pursuant to the Court's Scheduling Order, from offering any experts, witnesses, or exhibits in support of his claims.  The United States is correct that Plaintiff has not timely submitted any expert, witness, or exhibit designations or reports, in violation of the Court's Scheduling Order.  *See* (R. Doc. 18).  Plaintiff does not dispute his failure to do so, but argues: (1) he has sufficiently stated claims in his Complaint against the United States for four negligent acts; (2) he will testify at the trial and will use the evidence submitted by East Skelly in support of its Motion discussed above; and (3) there exists a factual issue regarding the negligence of the United States.

The United States is also correct that Plaintiff exceeded the Court's deadline by over a month to submit his witness and exhibit list. *See* (R. Doc. 29), *compare* (R. Doc. 18). The Court's Scheduling Order provides that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown." (R. Doc. 18). Plaintiff did not seek leave of Court to file his witness and exhibit lists past the deadline; nor has he argued that his untimeliness is attributed to good cause. Thus, Plaintiff is barred from submitting any witnesses or exhibits in support of his claims. This leaves Plaintiff with only the allegations in the Complaint to prove his claims, which for the following reasons are insufficient to survive the United States' Motion.

The United States argues that claims for negligence in general premises liability under Louisiana law are not routinely permitted under the FTCA. The Court finds that whether general premises liability claims are permitted under the FTCA in the Fifth Circuit is an undecided issue.

> The Fifth Circuit has apparently not resolved the split among the district courts as to whether or not a claim for premises liability that fails to name a particular individual states a claim under the FTCA. Several district courts have held that the FTCA does not waive immunity for claims of general premises liability. Other district courts have permitted the FTCA claims for general premises liability under negligence theories. *Wiggins v. United States*, 2009 WL 2176043, at *2 (E.D. La. July 22, 2009)(internal citations omitted).

Thus, the Court will consider Plaintiff's claims against the United States under Louisiana law as the law of the place where the incident occurred and which discussed above, *see* 28 U.S.C. § 1346(b)(1); *supra* pp. 4-5, and the Court incorporates and adopts these legal findings.

In considering premises liability and negligence against the United States, this Court has noted,

> 'The mere fact that an accident occurs, absent a res ipsa loquitur situation, does not give rise to even a presumption of negligence. Fault is determined by asking the question: How would a reasonably prudent individual have acted or what precautions would he have taken under the same or similar circumstances? Negligent conduct is determined in the light of the facts and environmental circumstances of each case.' *Wiggins v. United States*, 2009 WL 2176043, at *3 (E.D. La. July 22, 2009)(quoting *Barrow v. Brownell*, 938 So. 2d 118, 122 (La. App. 1 Cir. 2006)).

Plaintiff has not plead res ipsa loquitur; thus, the Court will consider his claims under premises liability and negligence.

A critical element for establishing a premises liability and negligence claim is a showing that the defendant had actual or constructive knowledge of the condition. *See Wiggins*, 2009 WL 2176043 at *5-6; La. Civ. Code arts. 2317, 2317.1, 2322. Plaintiff does not claim or demonstrate that any IRS employees knew or should have known of the condition posed by the modular office furniture and equipment. "To ignore the constructive knowledge element of [plaintiff's] negligence claim would be to impose strict liability on the defendant." *Wiggins*, 2009 WL 2176043, at *6 (citing *Oster v. Dep't of Transp. & Dev.*, 582 So. 2d 1285, 1288 (La. 1991)). Thus, Plaintiff has failed to provide evidence in support of his case so as to establish a genuine issue of material fact for trial. "Although the defendant has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim." *Id.* at *6 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

## IV.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that East Skelly's Motion for Summary Judgment (R. Doc. 25) and the United States' Motion to Dismiss, or, in the Alternative, for Summary Judgment (R. Doc. 27) are GRANTED.

New Orleans, Louisiana this 26th day of June 2012.

_____
U.S. District Judge